# Exhibit A

eFiled
3/17/2026
Superior Court
of the District of Columbia





**Superior Court of the District of Columbia**
**CIVIL DIVISION – Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Case No.    2026-CAB-001735

## **COMPLAINT**

Jurisdiction of this Court is founded on D.C. Code § 11-921.

| | | |
|---|---|---|
| **Iesha Reaves** | vs | **Kash Patel** |
| PLAINTIFF | | DEFENDANT |
| **1581 SW 8th Ave** | | **see below** |
| Address (No Post Office Boxes) | | Address (No Post Office Boxes) |
| **Oak Harbor  WA    98277** | | **Washington  DC    20004** |
| City        State        Zip Code | | City        State        Zip Code |
| **360.929.1986** | | **(202) 324-3000** |
| Telephone Number | | Telephone Number |
| **ieshareaves17@gmail.com** | | |
| *Email Address (optional)* | | *Email Address (optional)* |

1.  Write a short and plain statement of your claim, including any relevant facts, dates, and locations:

    **Complaint is attached.**

    **Also, Kash Patel address should read as:**

    **c/o Federal Bureau of Investigation**

    **935 Pennsylvania Avenue, NW**

    **Washington, DC 20535**

2.  What relief are you requesting from the Court? Include any request for money damages.

    **See complaint.**

Form CA-3074 [Rev. Nov. 2017]                    1                    Super. Ct. Civ. R. 3

3.  State any other information, of which the Court should be aware:

Plaintiff, pro se, respectfully invokes Rule 54-II and its mandatory requirements governing the Clerk's

obligation to effect service of this Complaint upon approval of the fee waiver application. Written

notice is hereby provided to the Court and to all parties that this Complaint is filed in accordance

with the fee waiver process set forth in Rule 54-II and D.C. Code § 15-712, which governs in

forma pauperis applications in the Superior Court of the District of Columbia. Pursuant to D.C.

Code § 15-712(f)(1):  "[T]he clerk shall attempt service of the complaint in a manner prescribed by the court's

rules"  for all persons granted full fee waivers. See Certificate of Service of all parties.

## SIGNATURE

To the best of my knowledge, everything in this Complaint is true and I am not filing this Complaint to harass the Defendant(s). Superior Court Civil Rules 11(b).

**SIGNATURE**

3/17/2026
**DATE**

Subscribed and sworn to before me this _____ day of _____ 20_____.

_____

(Notary Public/Deputy Clerk)

2

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

---

### IESHA REAVES,

*Plaintiff, pro se,*

v.

### KASH PATEL,

in his official capacity as

Director, Federal Bureau of Investigation,

c/o Federal Bureau of Investigation Headquarters
601 D Street, NW

Washington, DC 20004;

and in his individual capacity,

c/o Federal Bureau of Investigation Headquarters

935 Pennsylvania Avenue, NW

Washington, DC 20535.

*Defendant.*

Superior Court Case No.:_____

---

# DELIBERATE INDIFFERENCE AND INSTITUTIONAL SUPPRESSION: COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

---

## NOTICE PURSUANT TO DC SUPERIOR COURT CIVIL RULE 54-II

Pursuant to Rule 54-II of the Superior Court Rules of Civil Procedure, Plaintiff, pro se, has filed an Application to Waive Court Costs and Fees (Form 106A) simultaneously with this Complaint. Upon approval of that application, service of this Complaint is to be completed by the Clerk of Court in accordance with Rule 54-II(i)(1), which provides in its exact terms as follows:

*"Service of Complaint. The clerk must attempt service of the complaint in a manner prescribed by the court's rules for all persons who have been granted full waivers of payment of fees and costs or security and, where partial waivers of the payment of fees and costs or security have been granted, as directed by the court."*

Rule 54-II(i)(4) further mandates: "The clerk must note the date and manner of service on the docket."

Plaintiff, pro se, respectfully *triggered* Rule 54-II and its mandatory requirements governing the Clerk's obligation to effect service of this Complaint upon approval of the fee waiver application. Written notice is hereby provided to the Court and to all parties that this Complaint is filed in accordance with the fee waiver process set forth in Rule 54-II and D.C. Code § 15-712, which governs in forma pauperis applications in the Superior Court of the District of Columbia. Pursuant to D.C. Code § 15-712(f)(1): "[T]he clerk shall attempt service of the complaint in a manner prescribed by the court's rules" for all persons granted full fee waivers. Thus, rendering service perfected as a matter of law.

## NATURE OF THE ACTION

This action is brought against Kash Patel in both his official capacity as the Director of the Federal Bureau of Investigation and in his individual capacity, for violations of constitutional, civil, and human rights arising from his deliberate indifference to, personal suppression of, and institutional facilitation of the ongoing exploitation, human-trafficking, sex-trafficking, unauthorized surveillance, invasion of privacy, and extortion of Iesha Reaves --- conduct that has continued throughout his tenure and the tenure of predecessor FBI leadership without investigation, remedy, or relief.

The FBI was repeatedly contacted --- directly and in writing --- across multiple years, at multiple field offices, and at FBI Headquarters itself. Not one contact produced an investigation, a response, or any relief whatsoever. On September 4, 2024, an FBI Headquarters officer dismissed Ms. Reaves' documented reports, falsely claiming the building was merely administrative, and directed her to IC3.gov, a channel she had already exhausted. On September 17, 2024 --- her birthday --- a second FBI Headquarters officer falsely denied all knowledge of the ongoing exploitation. The FBI's mission is to uphold the Constitution and protect civil rights. It has done the complete opposite. *See* Exhibit F (Appendix pg. 16).

Plaintiff seeks the following relief: compensatory damages of $250,000,000.00; punitive damages; permanent injunctive relief requiring the FBI to immediately discontinue exploitation operations in every capacity and to cease such conduct indefinitely; and all other appropriate legal and equitable relief.

This action is brought pursuant to *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971); *Carlson v. Green,* 446 U.S. 14 (1980); 18 U.S.C. § 1595; 42 U.S.C. §§ 1981, 1985; and the Fourth, Eighth, Thirteenth, and Fourteenth Amendments.

## PARTIES

1. The plaintiff, Iesha Reaves, has no fixed permanent domicile. She previously resided at 1581 SW 8th Ave, Oak Harbor, WA 98277 and continues to use the location for postal purposes.

2. Defendant Kash Patel is sued in his individual capacity for damages arising from past constitutional violations and violations of the Trafficking Victims Protection Reauthorization Act, and in his official capacity for ongoing constitutional violations and ultra vires conduct undertaken under color of federal authority. Mr. Patel was sworn in as the ninth Director of the Federal Bureau of Investigation on February 21, 2025. He serves with plenary supervisory authority over the FBI's entire institutional structure, including its field offices, Headquarters operations, Civil Rights program, and all investigative functions. Upon assuming command, he inherited full access through the FBI's own systems to the complete documented record of Ms. Reaves' prior contacts with the agency spanning years of IC3.gov submissions, field office reports, and two in-person visits to FBI Headquarters in September 2024. The exploitation of Ms. Reaves has continued without interruption, investigation, or remedy throughout Defendant's tenure and throughout the tenure of his predecessors.

## JURISDICTION AND VENUE

3. The acts and omissions giving rise to these claims were directed from and occurred in the District of Columbia. This Court has subject matter jurisdiction pursuant to D.C. Code § 11-921, 18 U.S.C. § 1595, and *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971); as well as specific personal jurisdiction over Defendant because the acts and omissions giving rise to this action occurred in the District of Columbia and were purposefully

directed from within the District of Columbia. D.C. Superior Court has concurrent jurisdiction over federal claims unless Congress provides otherwise, and Congress has not vested exclusive jurisdiction over Bivens or TVPRA claims in federal courts. Bivens claims arise under federal law and may be brought in state courts because they do not require a federal forum. Civil claims under the Trafficking Victims Protection Reauthorization Act may be heard in state courts because Congress did not confer exclusive jurisdiction on federal courts.

4. Diversity jurisdiction does not exist because Ms. Reaves has no permanent domicile and complete diversity under 28 U.S.C. § 1332 cannot be established. A permanent domicile requires both physical residence and intent to remain indefinitely. *See Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 828 (1989); *Gilbert v. David,* 235 U.S. 561, 569 (1915). The District Court therefore lacks original jurisdiction on diversity grounds, and removal on that basis is unavailable.

5. Plaintiff's injuries were suffered in the District of Columbia and in other locations because Defendant's decisions, omissions, and supervisory actions emanated from federal systems headquartered in the District of Columbia.

6. Sovereign immunity does not bar this action. Plaintiff sues Defendant in both his individual capacity and his official capacity for constitutional violations and for violations of the Trafficking Victims Protection Reauthorization Act. Sovereign immunity does not extend to federal officers sued in their personal capacities for actions taken under color of federal authority, nor does it bar claims for injunctive relief against ongoing constitutional violations. Because the United States is not named as a defendant, and because Plaintiff

seeks relief against Defendant personally for ultra vires and unconstitutional conduct, sovereign immunity is inapplicable. *Bivens,* 403 U.S. at 388.

7.    The Federal Tort Claims Act (FTCA) does not apply to this action and no SF-95 administrative claim form was required. The FTCA waives sovereign immunity only for torts committed by federal employees acting within the scope of their lawful employment. 28 U.S.C. §§ 1346(b), 2671 et seq. It is well established that the FTCA does not cover constitutional violations, intentional torts of a constitutional dimension, or conduct that is ultra vires and outside the scope of lawful governmental authority. *See FDIC v. Meyer,* 510 U.S. 471, 478 (1994); *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). Because the United States is not named as a defendant in this action, the FTCA's administrative exhaustion requirement, the SF-95 form requirement, and the FTCA's judgment bar under 28 U.S.C. § 2676 are all inapplicable.

8.    Qualified immunity does not bar this action. A defendant is entitled to qualified immunity only where, taking the facts in the light most favorable to the non-moving party, no clearly established constitutional right was violated. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982); *Pearson v. Callahan,* 555 U.S. 223, 232 (2009). Each constitutional right alleged violated herein was clearly established at the time of the conduct.

9.    Ms. Reaves expressly reserves all rights to oppose any removal attempt under 28 U.S.C. § 1442(a)(1) or any other provision.

## STATEMENT OF FACTS

### A. The Original Exploitation --- 2019 to Present

1.  Plaintiff Iesha L. Reaves is a private citizen proceeding pro se. Her mailing address is 1581 SW 8th Avenue, Oak Harbor, Washington 98277. She is the victim of an ongoing human-trafficking, sex-trafficking, invasion of privacy, unauthorized surveillance, broadcasting, exploitation, extortion, coercion, and constitutional violations perpetrated through federal systems and supervisory structures headquartered in the District of Columbia. Plaintiff brings this action to obtain damages for irreversible harms, since at least 2019, that continue unabated, and persists to the present day, in hopes of obtaining prospective relief to prevent ongoing and future violations.

2.  Defendant, Kash Patel, at all relevant times, serves as a federal officer exercising supervisory authority within federal systems headquartered in the District of Columbia. Defendant is sued in his individual capacity for damages arising from past constitutional violations and violations of the Trafficking Victims Protection Reauthorization Act. Defendant is also sued in his official capacity for ongoing and continuing constitutional violations and for ultra vires conduct that exceeds the scope of lawful federal authority. Plaintiff seeks prospective injunctive and declaratory relief in Defendant's official capacity to halt these continuing constitutional violations.

3.  Between approximately April and June 2019, Ms. Reaves created an Instagram page titled Dignified.Loyalty, through which she produced sixty-second visualizers for publicly available music. All credit was given to contributing artists. These visualizers were created out of personal joy and appreciation for Black artistry. No compensation was sought, no fame was desired, and she believed herself to be entirely anonymous. Not once did

Instagram or any third-party attempt to shut the page down or notify Ms. Reaves of any legal issue.

4. Unbeknownst to Ms. Reaves, those behind the exploitation used her creative work as a pretext to subject her to a human and sex trafficking extortion scheme spanning multiple years and crossing multiple states. Among the fabricated pretexts used to justify the exploitation: that her life was in danger and could only be saved by exploiting her further; that she had committed a crime by creating content focused on Black artists; that she started a race war requiring her to provide societal representation through exploitation; that because of her age they purportedly held the right to force her against her will; that because of her skin color they purportedly held the right to exploit her person and labor for the benefit of others --- a pretext rooted in racial hierarchy in violation of the Thirteenth Amendment's prohibition on involuntary servitude and 42 U.S.C. §§ 1981 and 1985; and that she had been bought, sold, traded, or won as property. Not a single warrant was ever served upon Ms. Reaves. *See Carpenter v. United States,* 585 U.S. 296 (2018).

5. Ms. Reaves' privacy has been continuously invaded and without any authorization, including through visual and audio surveillance of her person, home, and private conversations; unauthorized access to and manipulation of her electronic devices; persistent tracking of her physical movements; and public and private broadcasting of her private life and likeness to the public without her knowledge or consent. These actions constitute unreasonable searches and seizures in violation of the Fourth Amendment, which protects individuals against government intrusion into areas where they have a reasonable expectation of privacy. *See Katz v. United States,* 389 U.S. 347 (1967); *Carpenter v. United States,* 585 U.S. 296 (2018).

6.    A float was created in the image of Ms. Reaves for the 2020 Macy's Thanksgiving Day Parade. A second float was created in her image for the 2021 Viareggio Carnival in Italy, depicting a figure in a prison uniform, shackled, wearing a crown resembling the Statue of Liberty --- a direct and unmistakable representation of her forced subjugation. Ms. Reaves never consented to either. She placed no images of herself on any public platform. Her identity could only have been disclosed to domestic and international parties through deliberate government action.

7.    Ms. Reaves has never consented to any aspect of this exploitation. She is a private individual entitled to complete privacy. No court, government official, celebrity, or member of the public possesses any lawful right or authority to force her participation in any exploitation for any reason whatsoever.

8.    As a direct and proximate result of the conduct described herein, Ms. Reaves has suffered severe and ongoing emotional distress, loss of privacy, loss of personal autonomy, loss of income, financial harm, psychological harm, reputational harm, and deprivation of her constitutional, civil, and human rights, all compensable under applicable law.

**B. The FBI's Institutional Non-Response and Defendant's Supervisory Liability**

8.    Beginning October 4, 2021 and continuing through April 2023, Ms. Reaves submitted no fewer than twenty-two separate documented claims to the United States Department of Justice Civil Rights Division, the DOJ Criminal Law Division, and the Messages to the Attorney General unit --- which reports directly to the Attorney General's chain of command. *See* Exhibits H-CC (Appendix pg. 20-57). Not one claim produced any investigation, follow-up, or response. Beginning in 2020 and continuing through the present, Ms. Reaves also submitted numerous documented claims directly to the Federal

Bureau of Investigation, including through IC3.gov, direct in-person reports to FBI Headquarters, and contacts with FBI field offices in Seattle, Washington and Bellingham, Washington. Not one of these submissions produced any investigation, follow-up, or response. This documented pattern of institutional deliberate indifference across both the DOJ and FBI constitutes constructive knowledge attributable to any official overseeing those departments, including the current Director.

9.    Direct In-Person Reports to FBI Headquarters (2024). On September 4, 2024, Ms. Reaves made her way to FBI Headquarters located at 935 Pennsylvania Avenue, NW, Washington, D.C. She went inside requesting to speak with an officer and attempted to explain the ongoing exploitation. The officer smiled and slightly laughed, not seeming to take what she was saying seriously. The officer told her that FBI Headquarters was "just admin in uniform" and that there was nothing they could do. He provided a business card directing her to IC3.gov --- a channel Ms. Reaves had already used repeatedly and without any result.

10.   On September 17, 2024 --- her birthday --- Ms. Reaves returned to FBI Headquarters to speak with an officer. A woman officer, whose body camera was supposedly on, falsely denied all knowledge of what Ms. Reaves was speaking about. Ms. Reaves handed over her identification without hesitation. For at the time, her record was clean. The officer continued to sell the lie that she knew nothing of the ongoing exploitation. Ms. Reaves was enraged because all of these government agency officials continued to lie to cover up what has been happening.

11.   The FBI contacts in Seattle, Washington; Bellingham, Washington; and at FBI Headquarters all repeatedly dismissed documented reports. The Oak Harbor Police Department told Ms. Reaves the situation was entirely fabricated. Skagit County Sheriff

opened Case No. 23-009222 and closed it without result. The systemic dismissals across every FBI contact and local law enforcement constitute a pattern of deliberate institutional indifference executed at every level, from field offices to Headquarters, over a period of years.

12. On October 2, 2024, while waiting outside the Sonesta Select hotel in Arlington, Virginia, Ms. Reaves was subjected to sexual harassment by a police officer in an unmarked vehicle bearing Maryland license plates who made repeated sexual advances while staring at her. She photographed the license plate. *See* Exhibit E (Appendix pg. 14-15). The Chief of Police of the Metropolitan Police Department, Pamela A. Smith, never responded to the complaint submitted regarding this incident.

13. The FBI was used, contrary to its own constitutional mission, to facilitate, enable, and protect the ongoing exploitation rather than to investigate and shut it down. According to the Federal Bureau of Investigation's own mission and priorities, it is to uphold the Constitution and protect civil rights. The Bureau has done the complete opposite.

14. As Director of the Federal Bureau of Investigation, Kash Patel bears direct supervisory and institutional responsibility for the FBI's conduct, policies, failures, and the actions of the agents and personnel under his command. The FBI's repeated, documented, multi-year refusal to act on Plaintiff's reports of human and sex trafficking constitutes a willful and deliberate dereliction of duty and a violation of her civil and constitutional rights under color of law.

15. Defendant had actual and constructive knowledge of Ms. Reaves' documented exploitation through: (1) the reports lodged in FBI systems across multiple field offices and Headquarters; (2) the direct in-person contacts at FBI Headquarters on September 4 and

September 17, 2024, during which FBI officers demonstrated knowledge of the situation; and (3) the pattern of institutional suppression that could not have continued at the scale documented here without supervisory sanction. Constructive knowledge of documented reports in the agency's own systems attaches from the first day of supervisory tenure. *See Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

16. Ms. Reaves also contacted the Department of Justice at its Pennsylvania Avenue offices; sought an appointment with the SMART Office (Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking), which never responded; visited the Pentagon twice and spoke with Officer Vieraclass who promised to investigate and never followed up (Pentagon Case No. 2409 06 011); spoke with Homeland Security officials in Reston, Virginia who likewise promised follow-up and never responded; and filed a report with the Metropolitan Police Department (Case No. 24144956, recorded at 17:24 on September 19, 2024). None of these efforts produced any investigation or action.

17. Ms. Reaves personal identification information has been continuously exposed through the ongoing surveillance and broadcasting of her private conversations. A $1,400.00 stimulus payment she was legally entitled to receive was never properly received despite exhaustive inquiries with the IRS and Money Network, whose representative ultimately informed her they had no record of her account.

## C. Defendant Kash Patel's Specific Conduct and Personal Knowledge

18. Mr. Patel was sworn in as the ninth Director of the FBI on February 21, 2025. Upon assuming command, he inherited full access through the FBI's own systems to the complete documented record of Ms. Reaves' prior contacts with the agency --- spanning years of IC3.gov submissions, field office reports in Seattle and Bellingham, Washington,

twenty-two documented DOJ reports, and two in-person visits to FBI Headquarters in September 2024. This record provided the Defendant with actual or constructive knowledge of the ongoing exploitation from his first day in office.

19. As Director, Mr. Patel has plenary supervisory authority over all FBI operations including human trafficking investigations and civil rights enforcement. He has both the authority and the means to investigate and permanently shut down the exploitation operations described herein. His deliberate failure to do so since February 21, 2025, combined with the uninterrupted continuation of the violations throughout his tenure, constitutes deliberate indifference rising to personal participation in the ongoing constitutional violations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

20. The FBI's stated mission is to uphold the Constitution and protect civil rights. Under Mr. Patel's leadership, the FBI has continued to do the complete opposite with respect to Ms. Reaves --- allowing documented, ongoing constitutional violations to continue unchecked while inheriting and perpetuating a comprehensive prior record of institutional indifference.

## D. The Broader Exploitation Pattern

17. The exploitation has followed Ms. Reaves across multiple states including Washington, Florida, Georgia, Colorado, and the DC-Maryland-Virginia area. Celebrities and politicians used their public platforms to advance false narratives about her with knowledge it was against her will. Such individuals include Barack Obama, Michelle Obama, Kamala Harris, Joseph Biden, Donald Trump, Oprah Winfrey, Gayle King, Whoopi Goldberg, Kerry Washington, Beyonce Knowles, Sean Carter, Kim Kardashian, Khloe Kardashian and Kris Jenner, among others.

18. Those behind the exploitation used fabricated justifications including: that systemic racism required exploiting Ms. Reaves so that other skin colors could "come first"; that she was "too old" but young enough to be used; that she needed to be forced into relationships with older men of particular races; that she was a "living sacrifice" for the progression of Black culture; and that she had been "won" as property in a game. Not a single one of these pretexts is lawful. Not a single one authorizes the warrantless surveillance, broadcasting, hacking, and exploitation that has been inflicted upon her for years.

19. Ms. Reaves never consented to any aspect of the exploitation. Since the beginning she has preferred to have all blinds and curtains closed and to use minimal lights because she did not want anyone watching her. She turns off all lights when in the bathroom and sleeps with additional clothes on because of the predators who have watched her. These are not the actions of a person who willingly participates. Ms. Reaves has every right and authority to live her life according to her own wishes and with 100% privacy. To force her to do otherwise is 100% illegal.

20. No one in this country has the right or authority for a person to be used in a human/sex trafficking extortion. There is no judge in America who is authorized to hand down such a sentence. The plaintiff has the right and is therefore entitled to 100% privacy. The Constitution has always protected the right of the people to be secure. *See Carpenter v. United States,* 585 U.S. 296 (2018); *Katz v. United States,* 389 U.S. 347 (1967).

## PREEMPTIVE RESPONSE TO ANTICIPATED JURISDICTIONAL CHALLENGES

### A. Removal Under 28 U.S.C. § 1442 Is Not Available Because No Colorable Federal Defense Exists.

Opposing counsel may attempt removal under 28 U.S.C. § 1442(a)(1), which permits removal by federal officers sued for acts performed under color of federal office. However, § 1442 removal requires the defendant to assert a colorable federal defense. *Mesa v. California,* 489 U.S. 121, 129 (1989). No such defense exists here. The conduct alleged --- unconstitutional surveillance, institutional facilitation of ongoing constitutional violations, failure to investigate documented trafficking reports, and personal participation in a coordinated suppression pattern --- was not performed within the scope of lawful employment and is not shielded by any federal defense.

### B. Diversity Jurisdiction Cannot Be Established.

Removal based solely on diversity under 28 U.S.C. § 1332 is unavailable. First, complete diversity cannot be established because Ms. Reaves has no permanent domicile. Domicile requires both residence and intent to remain indefinitely. *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 828 (1989). Without a domicile, § 1332 is unsatisfied. Second, 28 U.S.C. § 1441(b)(2) --- the Forum Defendant Rule --- prohibits removal based on diversity when any properly joined and served defendant is a citizen of the state in which the action was filed.

### C. The FTCA Does Not Apply; No SF-95 Form Was Required.

The defendants in this action are sued in their individual capacities under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971) --- an implied cause of action arising directly under the Constitution --- not under the FTCA. Because the United States is not named as a defendant,

the FTCA's exhaustion requirement, the SF-95 form requirement, and the § 2676 judgment bar are inapplicable. No SF-95 form was required before filing this action. *FDIC v. Meyer*, 510 U.S. 471, 478 (1994).

## D. Bivens Provides a Cognizable Cause of Action in the Established Contexts Alleged.

The Fourth Amendment unreasonable search and seizure claim falls within the original established Bivens context recognized in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). The Eighth Amendment claim falls within the second established Bivens context recognized in *Carlson v. Green*, 446 U.S. 14 (1980). These are not new contexts requiring extension of Bivens and are not subject to the new-context analysis of *Egbert v. Boule*, 596 U.S. 482 (2022). The Fourth Amendment protection against warrantless surveillance of a private citizen's physical location and private communications has been clearly established law since *Katz v. United States*, 389 U.S. 347 (1967), and reinforced by *Carpenter v. United States*, 585 U.S. 296 (2018).

## E. Qualified Immunity Does Not Bar These Claims.

A defendant is entitled to qualified immunity only if, taking the facts in the light most favorable to the non-moving party, he or she did not violate any clearly established constitutional right. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). The Fourth Amendment protection against warrantless hacking and surveillance was clearly established by *Katz v. United States*, 389 U.S. 347 (1967), and reinforced by *Carpenter v. United States*, 585 U.S. 296 (2018). The Thirteenth Amendment prohibition on involuntary servitude has been clearly established since ratification. No reasonable federal officer could have believed these violations were lawful.

**F. Supervisory Liability Attaches Through Personal Knowledge and Affirmative Conduct.**

After *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), a supervisory official may be held personally liable under Bivens where the official personally participated in the constitutional violation, directed others to violate the plaintiff's rights, or had actual knowledge of the violations and deliberately chose not to act, recklessly permitting the violations to continue. *Id.* at 676--77. This Complaint pleads specific facts satisfying the *Iqbal* standard as to Defendant: documented direct contacts with the FBI across multiple years; Defendant's access to those documented reports through the Bureau's own systems and Headquarters interactions; Defendant's plenary authority to investigate and remedy the violations; and Defendant's affirmative failure to do so.

**G. The Egbert Alternative Remedies Rationale Fails Because Every Available Alternative Was Exhausted and Deliberately Foreclosed.**

Even where *Egbert v. Boule,* 596 U.S. 482 (2022), applies, its bar on Bivens extension is not automatic --- it requires a finding that alternative remedial structures exist that are capable of providing meaningful relief. *Id.* at 493. That finding cannot be made here. Ms. Reaves contacted the FBI across multiple offices, submitted IC3.gov complaints repeatedly, visited FBI Headquarters twice in person, and received nothing but false denials and institutional dismissals. Where the government has systematically closed every available channel --- as is documented here by dated contacts and in-person interactions --- the rationale evaporates entirely.

**CLOSING ARGUMENT: THE RIGHTS OF A PERSON ARE NOT CONDITIONAL**

Rights do not diminish in proportion to how inconvenient their enforcement becomes. They do not shrink because the violator is powerful, because the violation is widespread, or because the institution responsible for stopping it chose instead to enable it. Ms. Reaves holds the same

constitutional protections as every other person in this country --- and those protections were violated. They were not violated once, in a single discrete incident. They were violated repeatedly, systematically, and across years, by a federal agency whose stated purpose is to uphold the very rights it ignored. That agency is the Federal Bureau of Investigation. Its Director bears responsibility for what the Bureau does and what the Bureau refuses to do.

Ms. Reaves did everything that a person is supposed to do. She reported what was happening to her. She documented it. She returned. She persisted. She went to field offices. She went to Headquarters. She submitted reports through the channels she was told to use. She was dismissed at every turn --- not because her claims lacked substance, but because those with the power to act made a deliberate choice not to. That choice has consequences. The law does not grant federal officials the authority to decide which citizens are worth protecting and which are not. It does not authorize a Director of the FBI to look away from documented, ongoing exploitation of a private citizen. There is no regulation, policy, or constitutional provision that transforms institutional indifference into lawful conduct. Inaction, when the duty to act is clear, is itself a violation.

This Court is asked to do what the FBI would not: acknowledge what happened, apply the law as written, and hold the responsible party accountable. Ms. Reaves is not asking for sympathy. She is asking for what has always been hers --- her rights, her privacy, and her life, free from the reach of those who decided, without her consent and without any lawful authority, that they could take them. The answer to every attempt she made to be heard was silence, deflection, or an outright lie. This Court has the authority and the obligation to answer differently.

## CAUSES OF ACTION

## COUNT I --- FOURTH AMENDMENT: UNREASONABLE SEARCH AND SEIZURE

### (Bivens --- Established Context)

Defendant subjected Ms. Reaves to continuous unauthorized surveillance, warrantless tracking, hacking of her electronic devices, and broadcasting of her private life without a warrant, without probable cause, and without her consent, in direct violation of her Fourth Amendment right to be secure in her person, home, papers, and effects. This claim falls within the original established Bivens context. *See Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971); *Katz v. United States,* 389 U.S. 347 (1967); *Carpenter v. United States,* 585 U.S. 296 (2018).

## COUNT II --- EIGHTH AMENDMENT: CRUEL AND UNUSUAL PUNISHMENT

### (Bivens --- Established Context)

Defendant subjected Ms. Reaves to years of continuous cruel and unusual treatment through exploitation, broadcasting, stalking, sexual harassment, and psychological torment, in violation of her Eighth Amendment rights. This claim falls within the established Bivens context recognized in *Carlson v. Green,* 446 U.S. 14 (1980). The constitutional element is the nature of the government-imposed condition --- not the architecture of the facility in which it is imposed. Ms. Reaves is free in name and captive in fact --- and it is precisely this form of government-constructed captivity that the Constitution was designed to prohibit.

## COUNT III --- THIRTEENTH AMENDMENT: INVOLUNTARY SERVITUDE

Defendant participated in and facilitated an exploitation scheme that treated Ms. Reaves as property to be bought, sold, traded, and used against her will for the benefit of others --- forcing

her to provide free publicity, marketing, and recognition against her express and repeated objection. This constitutes involuntary servitude in direct violation of the Thirteenth Amendment. U.S. Const. amend. XIII.

## COUNT IV --- FOURTEENTH AMENDMENT: DUE PROCESS AND EQUAL PROTECTION

Defendant deprived Ms. Reaves of life, liberty, and property without due process of law, and denied her equal protection of the laws through discriminatory treatment based on race, age, and gender. Government actors used their authority to deny her access to legal redress and to suppress her reports. These acts constitute both procedural and substantive due process violations and equal protection violations. U.S. Const. amend. XIV; *See Yick Wo v. Hopkins,* 118 U.S. 356 (1886).

## COUNT V --- TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT (18 U.S.C. § 1595)

Defendant participated in, benefited from, or knowingly assisted, supported, or facilitated human trafficking and sex trafficking of Ms. Reaves as described herein. Section 1595 provides a civil remedy against any person who knowingly benefits from or facilitates trafficking, including any person who knew or recklessly disregarded the fact that a person would be subjected to trafficking and who benefited from participation in such a venture. 18 U.S.C. § 1595. *See G.G. v. Salesforce.com, Inc.,* 76 F.4th 544 (7th Cir. 2023).

**COUNT VI --- CIVIL RIGHTS ACT VIOLATIONS (42 U.S.C. §§ 1981, 1985)**

Defendant's conduct constituted discrimination against Ms. Reaves based on her race, gender, age, and skin color. The exploitation scheme was premised explicitly on racial hierarchies and racial stereotyping enforced and protected by government actors who used their institutional authority to perpetuate rather than dismantle the discriminatory scheme and criminal activity. *See* 42 U.S.C. §§ 1981, 1985.

**COUNT VII --- VIOLATIONS OF THE UNIVERSAL DECLARATION OF HUMAN RIGHTS**

Defendant's conduct violated Ms. Reaves' fundamental human rights as recognized by the United Nations Universal Declaration of Human Rights, including: Article 5 (prohibition of torture and inhumane treatment); Article 8 (right to effective remedy by competent national tribunals); Article 12 (right to privacy free from arbitrary interference); Article 19 (freedom of opinion and expression); and Article 27 (right of culture and art, including protection of moral and material interests in creative work). G.A. Res. 217A (III), U.N. Doc. A/810 (1948).

**PRAYER FOR RELIEF**

WHEREFORE, Ms. Reaves respectfully demands judgment against Defendant as follows:

1. Compensatory damages in the amount of $250,000,000.00 for all harm suffered as a direct and proximate result of Defendant's conduct;

2. Punitive damages against Defendant in his individual and official capacity for willful, deliberate, and malicious violations of Plaintiff's constitutional, civil, and human rights;

3.  Permanent injunctive relief prohibiting Defendant, and Defendant's agents, employees, independent contractors, representatives, officers and directors, partners, members, affiliates, predecessors, successors, assigns, merged or acquired predecessors, parent or controlling entities, and all other persons, corporations, and business entities acting in concert or participating with Defendant who have actual or constructive notice of the Court's injunction --- individually, in conjunction with others, or directing others to do so on their behalf --- from altering or selling any images or audio of Ms. Reaves on any platform, website, medium, circular, newspaper, or any other internet-based or paper-based site or medium without her prior written consent, which consent has never been given and no such document exists;

4.  An order compelling the immediate and permanent cessation of all broadcasting, surveillance, tracking, hacking, and exploitation of Ms. Reaves' body, likeness, privacy, and life in every form, whether hard copy or electronic;

5.  An order compelling Defendant to immediately pay to Ms. Reaves all monetary gains accrued through use of her idea, body, and/or life, which sum is separate from and in addition to the compensatory damages sought herein;

6.  Protective orders against Defendant and all individuals who participated in the exploitation described herein;

7.  A declaration that Ms. Reaves' constitutional, civil, and human rights have been violated as described herein and that she is entitled to full restoration of all such rights;

8.  Recovery of the $1,400.00 stimulus payment wrongfully withheld;

9.  Costs of this action; and

10. Such other and further relief as this Court deems just and proper.

A TRIAL BY JURY IS NOT DEMANDED.

Respectfully submitted,

/s/ *Iesha Reaves*

Iesha Reaves, *Plaintiff, pro se*

1581 SW 8th Ave
Oak Harbor, WA 98277
360.499.4279
ieshareaves17@gmail.com

Date: March 17, 2026

## CERTIFICATE OF SERVICE

On this 17th day of <u>March</u>, 2026, a true and correct copy of the foregoing *Complaint –*
*Deliberate Indifference and Institutional Suppression: Complaint for Damages and Injunctive*
*Relief* was served upon the following by plaintiff, pro se, with respect to Rule 54-II having been
triggered and its mandatory requirements governing the Clerk's obligation to effect service upon
approval of the fee waiver application. Pursuant to D.C. Code § 15-712(f)(1): "[T]he clerk shall
attempt service of the complaint in a manner prescribed by the court's rules" for all persons granted
full fee waivers. Thus, rendering service perfected as a matter of law.

**Kash Patel (in personal capacity)**
c/o Federal Bureau of Investigation Headquarters
935 Pennsylvania Avenue, NW
Washington, DC 20535

<u>Under Rule 4(i)(1)(A); Rule 4(i)(1)(B); Rule 4(i)(2) it is mandatory that the following recipients</u>
<u>be served.</u>

**United States Attorney General**
Attn: Pamela Bondi, Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530

**United States Attorney for the District of Columbia (in official capacity)**
Attn: Johnny H. Walker
Civil Division
601 D Street, NW
Washington, DC 20004

**Federal Bureau of Investigation – Office of General Counsel**
935 Pennsylvania Avenue, NW
Washington, DC 20535

/s/ *Iesha Reaves*

Iesha Reaves, *Plaintiff, pro se*
Date: March <u>17</u>, 2026



**Superior Court of the District of Columbia**
CIVIL DIVISION
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

Iesha Reaves
_____
Plaintiff

vs.                                                    Case Number  _____

Kash Patel
_____
Defendant

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Iesha Reaves, pro se
_____
Name of Plaintiff's Attorney

1581 SW 8th Ave
_____
Address
Oak Harbor, WA 98277
_____

360.929.1986
_____
Telephone

*Clerk of the Court*

By  _____
Deputy Clerk

Date  _____

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT:  IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                    CASUM.doc





# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

_____

Demandante

contra

Número de Caso: _____

_____

Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____
Nombre del abogado del Demandante

_____
Dirección

_____

_____
Teléfono

*SECRETARIO DEL TRIBUNAL*

Por: _____
　　　　　　　　Subsecretario

Fecha _____

如需翻译,请打电话 (202) 879-4828　　　Veuillez appeler au (202) 879-4828 pour une traduction　　　Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요　　　የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

# Superior Court of the District of Columbia

CIVIL DIVISION - CIVIL ACTIONS BRANCH

INFORMATION SHEET

Iesha Reaves
Plaintiff(s)

vs

Kash P. Patel
Defendant(s)

Case Number: _____

Date: 3/17/2026 _____

[✔] One of the defendants is being sued
in their official capacity.

| Name: *(Please Print)* Iesha Reaves | Relationship to Lawsuit |
|---|---|
| Firm Name: | [ ] Attorney for Plaintiff |
| | [✓] Self (Pro Se) |
| Telephone No.:    DC Bar No.: | [ ] Other: _____ |

TYPE OF CASE:    [✔] Non-Jury    [ ] 6 Person Jury    [ ] 12 Person Jury
Demand: $250,000,000.00 _____    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____    Judge: _____    Calendar #: _____

Case No.: _____    Judge: _____    Calendar #: _____

---

NATURE OF SUIT:    *(Check One Box Only)*

**CONTRACT**

[ ] Breach of Contract
[ ] Breach of Warranty
[ ] Condo/Homeowner Assn. Fees
[ ] Contract Enforcement
[ ] Negotiable Instrument

**COLLECTION/INS. SUB**

[ ] Debt Collection
[ ] Insurance Subrogation
[ ] Motion/Application for Judgment by Confession
[ ] Motion/Application Regarding Arbitration Award

**EMPLOYMENT DISPUTE**

[ ] Breach of Contract
[ ] Discrimination
[ ] Wage Claim
[ ] Whistle Blower
[ ] Wrongful Termination

**REAL PROPERTY**

[ ] Condo/Homeowner Assn. Foreclosure
[ ] Declaratory Judgment
[ ] Drug Related Nuisance Abatement

[ ] Ejectment
[ ] Eminent Domain
[ ] Interpleader

[ ] Other
[ ] Quiet Title
[ ] Specific Performance

[ ] **FRIENDLY SUIT**
[ ] **HOUSING CODE REGULATIONS**
[ ] **QUI TAM**
[ ] **STRUCTURED SETTLEMENTS**

**ADMINISTRATIVE PROCEEDINGS**

[ ] Administrative Search Warrant
[ ] App. for Entry of Jgt. Defaulted Compensation Benefits
[ ] Enter Administrative Order as Judgment
[ ] Libel of Information
[ ] Master Meter
[ ] Petition Other

[ ] Release Mechanics Lien
[ ] Request for Subpoena

**MALPRACTICE**

[ ] Medical – Other
[ ] Wrongful Death

**AGENCY APPEAL**

[ ] Dangerous Animal Determination
[ ] DCPS Residency Appeal
[ ] Merit Personnel Act (OEA)
[ ] Merit Personnel Act (OHR)
[ ] Other Agency Appeal

[ ] **APPLICATION FOR INTERNATIONAL FOREIGN JUDGMENT**

CV-496/February 2023

# Information Sheet, Continued

**CIVIL ASSET FORFEITURE**
- [ ] Currency
- [ ] Other
- [ ] Real Property
- [ ] Vehicle

**NAME CHANGE/VITAL RECORD AMENDMENT**
- [ ] Birth Certificate Amendment
- [ ] Death Certificate Amendment
- [ ] Gender Amendment
- [ ] Name Change

**TORT**
- [ ] Abuse of Process
- [ ] Assault/Battery
- [ ] Conversion
- [ ] False Arrest/Malicious Prosecution
- [ ] Libel/Slander/Defamation
- [ ] Personal Injury
- [ ] Toxic Mass
- [ ] Wrongful Death (Non-Medical Malpractice)

**GENERAL CIVIL**
- [ ] Accounting
- [ ] Deceit (Misrepresentation)
- [ ] Fraud
- [x] Invasion of Privacy
- [ ] Lead Paint
- [ ] Legal Malpractice
- [ ] Motion/Application Regarding Arbitration Award
- [ ] Other - General Civil

- [ ] Product Liability
- [ ] Request for Liquidation
- [ ] Writ of Replevin
- [ ] Wrongful Eviction

**CIVIL I/COMPLEX CIVIL**
- [ ] Asbestos

**MORTGAGE FORECLOSURE**
- [ ] Non-Residential
- [ ] Residential

**STATUTORY CLAIM**
- [ ] Anti – SLAPP
- [ ] Consumer Protection Act
- [ ] Exploitation of Vulnerable Adult
- [ ] Freedom of Information Act (FOIA)
- [ ] Other

**TAX SALE FORECLOSURE**
- [ ] Tax Sale Annual
- [ ] Tax Sale Bid Off

**VEHICLE**
- [ ] Personal Injury
- [ ] Property Damage

- [ ] **TRAFFIC ADJUDICATION APPEAL**
- [ ] **REQUEST FOR FOREIGN JUDGMENT**

_____
Filer/Attorney's Signature

**3/17/2026**
_____
Date

CV-496/February 2023



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

Iesha Reaves
_____
*Plaintiff(s)*

v.                                    Case No: _____

Kash Patel
_____
*Defendant(s)*
DELIBERATE INDIFFERENCE AND INSTITUTIONAL
SUPPRESSION:
This form supplements COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF  and is being filed along with that
document.          (list title of pleading, motion, or other document)

(a) *If Executed Inside the United States:*

I declare (certify, verify, or state) under penalty of perjury that the foregoing is true and correct.
Executed on 17th day of ___March___ , _2026_ .
          (date)          (month)     (year)

Iesha Reaves
_____
*Printed Name*

_____
*Signature*

Oak Harbor, WA 98277          360.929.1986
_____          _____
*City and State, or Other Location*          *Phone Number*

*See* D.C. CODE § 22-2402 (a)(3) (2010).

(b) *If Executed Outside the United States:*

I declare under penalty of perjury under the law of the District of Columbia that the foregoing is
true and correct, and that I am physically located outside the geographic boundaries of the United
States, Puerto Rico, the United States Virgin Islands, and any territory or insular possession
subject to the jurisdiction of the United States.  Executed on ____ day of _____, _____,
                                                             (date)        (month)      (year)
at _____, _____.
     (city or other locations, and state)     (country)

_____
*Printed Name*

_____          _____
*Signature*          *Phone Number*

*See* D.C. CODE § 16-5306 (2010).

**Note:** This form may be attached to any document to be used in place of sworn written declarations, verifications,
certificates, statements, oaths, or affidavits unless otherwise provided by law; for example, this form may not be used to
supplement a verified complaint in the Landlord and Tenant Branch or Small Claims Branch. *See* D.C. Code §§ 16-1501,
3902 (2001).



alstonn

Document

03/19/26   09:11 AM

Xerox® AltaLink® B8170 MFP